**Elouise Pepion COBELL, et al., Plaintiffs,**

v.

**Gale NORTON, Secretary of the Interior, et al., Defendants.**

**No. CIV.A. 96–1285(RCL).**

United States District Court, District of Columbia.

March 29, 2002.

Keith M. Harper, Washington, DC, Dennis Marc Gingold, Mark Kester Brown, Washington, DC, Elliott H. Levitas, Kilpatrick Stockton, LLP, Washington, DC, for plaintiffs.

Robert D. Luskin, Patton Boggs, L.L.P., Washington, DC, Tom C. Clark, U.S. Department of Justice, Land & Natural Resources Div., Washington, DC, Susan Virginia Cook, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Brian L. Ferrell, Andrew M. Eschen, U.S. Department of Justice, Washington, DC, Charles Walter Findlay, III, Sarah D. Himmelhoch, Washington, DC, Sandra Marguerite Schraibman, U.S. Department of Justice, Washington, DC, Connie S. Lundgren, U.S. Department of Interior, Washington, DC, Edith R. Blackwell, Washington, DC, John Charles Cruden, U.S. Department of Justice, Environment & Natural Resources Division, Annandale, VA, Lewis Steven Wiener, Sutherland, Asbill & Brennan, L.L.P., Washington, DC, Mark E. Nagle, Robert Craig Lawrence, Scott Sutherland Harris, U.S. Attorney's Office, Washington, DC, J. Christopher Kohn, U.S. Department of Justice, Washington, DC, John Most, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Jo-Ann Shyloski, Barry Weiner, Washington, DC, Terry M. Petrie, U.S. Department of Justice, Denver, CO, Seth Brandon Shapiro, U.S. Department of Justice, Washington, DC, Sandra Peavler Spooner, Peter Blaze Miller, Cynthia L. Alexander, Mathew J. Fader, U.S. Department of Justice, Washington, DC, John Stemplewicz, U.S. Department of Justice, Washington, DC, Amalia D. Kessler, U.S. Department of Justice, Washington, DC, Tracy Lyle Hilmer, U.S. Department of Justice, Washington, DC, Herbert Lawrence Fenster, McKenna & Cuneo, LLP, Washington, DC, Elizabeth Wallace Fleming, Preston, Gates, Ellis & Rouvelas Meeds, Washington, DC, B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Washington, DC, for defendants.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on plaintiffs' request for sanctions [541][542] against defendants under Federal Rule of Civil Procedure 37(a)(4). Upon consideration of the parties' memoranda, the applicable law, and the entire record herein, and for the reasons set out more fully in the Special Master's Opinion of July 27, 2001[772], the Court concludes that the request should be granted.

Plaintiffs seek sanctions based on defendants' motion for protective order clarifying duty to produce e-mail records [538], filed August 2, 2000. In that motion, defendants sought a "protective order clarifying that it may produce e-mail in response to discovery requests by producing from paper records of e-mail messages rather than from backup tapes and may overwrite backup tapes in accordance with Departmental directives." Defs.' Motion at 1.

In opposition, plaintiffs contended that "[d]efendants' present motion for a protective order to avoid retaining electronic trust documents is wholly unjustified" and, accordingly, "sanctions are required under Rule 26 and Rule 37." Pls.' Opp'n at 24. Specifically, plaintiffs maintained that not only were the arguments presented by defendants in the motion for protective order frivolous, but that defendants had already made the same arguments twice before and both times the Court or Special Master had rejected them.

The Special Master issued his Opinion regarding defendants' motion for protective order on July 27, 2001 (and it was filed with the Court on July 30, 2001). After a thorough review of the parties' memoranda, the relevant case law, and the record in this case, the Special Master concluded that defendants' motion should be denied. Moreover, with respect to plaintiffs' contention that sanctions are appropriate, the Special Master stated that:

[p]laintiffs are correct. The issues surrounding defendants' obligations to produce documents responsive to the Third Request have been raised on two other occasions-once before the Court and once before the Special Master. In the first instance, defendant was justified in airing its concerns over the potential burden of producing these documents. In light of the Court's summary denial, defendant was arguably within its rights to seek clarification of the contours of the Court's ruling and articulate its position regarding important issues of privilege. In this third and latest instance, there can be no "genuine dispute" that Interior's attempt to again seek clarification under the guise of changing conditions was inappropriate. Plaintiffs are entitled to be reimbursed for those expenses they incurred in defending this latest salvo.

Recommendation and Report at 14 (internal citations omitted). Defendants did not file an objection or response to the Special Master's Opinion.

The Court agrees with (and hereby adopts without objection) the Special Master's Opinion of July 27, 2001. In particular, the Court finds that defendants' motion for protective order clarifying duty to produce e-mail records was not appropriate and that sanctions are warranted. In accordance with this finding, it is hereby

ORDERED that defendants pay plaintiffs' reasonable expenses, including attorneys' fees, arising from their opposition to defendants' motion for protective order clarifying duty to produce e-mail records; further, it is

ORDERED that plaintiffs submit to the Court within 30 days an appropriate filing detailing the amount of reasonable expenses, including attorneys' fees, incurred as a result of opposing defendants' motion for protective order clarifying duty to produce e-mail records.

SO ORDERED.